**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| NICOLE NORRIS,<br><br>           **Plaintiff,**<br><br>        **v.**<br><br>**BOARD OF TRUSTEES OF THE**<br>**UNIVERSITY OF THE DISTRICT OF**<br>**COLUMBIA,**<br><br>           **Defendant.** |

**Civil Action 05-01122 (HHK)**

### MEMORANDUM OPINION

Nicole Norris brings this action against the Board of Trustees of the University of the District of Columbia ("Board")[1] alleging reverse race discrimination in violation of 42 U.S.C. § 1981 and the D.C. Human Rights Act, D.C. Code § 2-1402.41. The case arises from Norris's treatment while she was enrolled as a student in the nursing program at the University of the District of Columbia.

Before the Court is the Board's motion for summary judgment [#41] and the accompanying statement of material facts not in dispute. Norris has not opposed this motion.[2] In

---

[1] There has been some confusion as to the proper defendant in this case. As explained in the Report and Recommendation of United States Magistrate Judge Deborah A. Robinson [#30], adopted by the Court on September 12, 2008 [#31], the District of Columbia is not a defendant in this case. The Board replaced the University of the District of Columbia as a named defendant, by order of the Court granting an unopposed motion filed by Norris, on May 23, 2006.

[2] Norris instead filed in response to defendant's motion a "Notice of Voluntary Dismissal of This Case." This type of dismissal is not proper at this stage of the proceedings. Rule 41 of the Federal Rules of Civil Procedure permits a plaintiff to dismiss an action only by filing "a notice of dismissal *before* the opposition party serves either an answer or a motion for summary judgment" or "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A) (emphasis added).

accordance with Local Civil Rule 7, because Norris has not controverted the facts identified in defendant's statement of material facts, the Court treats such facts as admitted. *See* LCvR 7(h)(1) ("In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."). Based on those admitted facts, defendant is entitled to judgment as a matter of law.

Accordingly, the Court concludes that the Board's motion should be granted. An appropriate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.
United States District Judge